— In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Phelan, J.), dated September 18, 2007, which granted, without a hearing, the defendant’s separate motions to preclude their counsel from testifying at trial as to certain communications and, in effect, pursuant to CPLR 4401 to dismiss so much of the fifth cause of action as sought to recover interest paid to the defendant in the sum of $32,591.35, and dismissed so much of that cause of action.
Ordered that the order and judgment is reversed, on the law, with costs, the defendant’s motion, in effect, pursuant to CPLR 4401 is denied, so much of the plaintiffs’ fifth cause of action as sought to recover interest paid to the defendant in the sum of *442 $32,591.35 is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and new determination, before a different Justice, of the defendant’s motion to preclude.
Contrary to the Supreme Court’s determination, the plaintiffs’ counsel should not have been absolutely disqualified from testifying as to certain matters. The Supreme Court improperly concluded that certain evidentiary rules would bar counsel’s testimony without any basis in the record for that ruling. Pursuant to Code of Professional Responsibility DR 5-102 (a) (4) (22 NYCRR 1200.21 [a] [4]), testimony by counsel is permissible in certain circumstances. It is unclear from the record whether those circumstances exist here. Thus, prior to taking any testimony, the court should conduct a hearing on the issue of whether the disqualification of the plaintiffs’ counsel from testifying was warranted.
The parties’ remaining contentions are without merit. Skelos, J.R, Ritter, Florio and Garni, JJ., concur.